**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PEDRO HERCULES REYES,<br><br>           Plaintiff,<br><br>     v.<br><br>CARLO'S CUCINA 02134 INC.,<br>BRYANT R. RODRIGUEZ,<br>WILFREDO AGUIRRE LOPEZ, and<br>CARLO BARONE,<br><br>           Defendants. | Case No. |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff Pedro Hercules Reyes ("Plaintiff" or "Mr. Reyes") brings this action to recover overtime pay and minimum wages for work that he performed for Defendants, Carlo's Cucina 02134 Inc. (referred to herein as "Carlo's Cucina 02134"), Bryant R. Rodriguez, Wilfredo Aguirre Lopez, and Carlo Barone, at an Italian restaurant doing business under the name "Carlo's Cucina Italiana" located at 131 Brighton Avenue, Allston, MA 02134.

2. Carlo's Cucina Italiana was originally owned and operated by a now-defunct corporate entity under the management of Defendant Barone, but was sold to a successor entity, Defendant Carlo's Cucina 02134, in or around March 2019.

3. Mr. Reyes worked for Defendants between approximately July 25, 2017 and August 14, 2019. Throughout this time period, Defendants regularly and deliberately failed to pay Mr. Reyes his overtime pay ("time-and-a-half") and failed to pay him at least the minimum wage as required by law.

4. Mr. Reyes regularly worked approximately 66 hours per week throughout his employment.

Defendants never paid Reyes overtime pay for hours worked over 40 per week. Further, at times, Mr. Reyes' pay fell below the Massachusetts minimum wage. As a result, Mr. Reyes brings this action seeking his unpaid wages under 29 U.S.C. §§ 201 *et seq.,* the Fair Labor Standards Act (FLSA); M.G.L. c. 149, § 148, the Massachusetts Wage Act; M.G.L. c. 151, §§ 1, 20, the Massachusetts Minimum Wage Act; and other related state and federal laws, rules, and regulations.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 29 U.S.C. § 216(b); 28 U.S.C. §1331; and 28 U.S.C. § 1367.

6. Defendants are subject to personal jurisdiction because they are incorporated or, upon information and belief, reside in Massachusetts. Further, Defendants transacted business in Massachusetts and the conducted giving rise to this Complaint occurred in Massachusetts.

7. Venue in this District is proper under 28 U.S.C. § 1391 because the Plaintiff Pedro Hercules Reyes is an individual residing in Boston, Massachusetts, the Defendants have their principal place of business or residences within Massachusetts, and the conduct giving rise to this Complaint occurred in Massachusetts.

## PARITES

8. Plaintiff Pedro Hercules Reyes is an adult resident of Boston, Massachusetts. He worked for Defendants from approximately July 25, 2017 to August 14, 2019.

9. Carlo's Cucina 02134 is a corporation registered in Massachusetts and was organized on December 6, 2018. Its principal place of business is, and was from the time of organization, located at 131 Brighton Avenue, Allston MA 02134. From the time of its organization to the present, the corporation has operated a restaurant at that place of business.

10. Defendant Bryant R. Rodriguez is, and has been since the time of organization, President,

Treasurer, and Director of Carlo's Cucina 02134.

   a. Mr. Rodriguez has, since the organization of Carlo's Cucina 02134 and through at least August 14, 2019, hired, fired and supervised employees, and has engaged in setting the particular hours of work, the rates and method of compensation, and the policies regarding pay, and his actions concerning pay policies affect the amounts of compensation received by employees. As such, he has actively managed, supervised, and directed the day-to-day business affairs and operations of Carlo's Cucina 02134.

   b. Mr. Rodriguez has acted directly and indirectly in the interest of Carlo's Cucina 02134 in relation to its employees, and therefore is and has been an employer of said employees within the meaning of the Fair Labor Standards Act and the Massachusetts Minimum Wage Act.

11. Defendant Wilfredo Aguirre Lopez is a chef at Carlo's Cucina Italiana.

   a. Upon information and belief, Mr. Lopez exerted significant daily operational control over important aspects of the business from the time that Carlo's Cucina 02134 purchased the restaurant to the present, including decisions related to hiring and firing personnel, scheduling, and employee compensation. As such, he has actively managed, supervised, and directed the day-to-day business affairs and operations of Carlo's Cucina 02134.

   b. Mr. Aguirre Lopez has acted directly and indirectly in the interest of Carlo's Cucina 02134 in relation to its employees, and therefore is and has been an employer of said employees within the meaning of the Fair Labor Standards Act and the Massachusetts Minimum Wage Act.

12. Defendant Carlo Barone was the President and Treasurer of Carlo's Cucina Italiana, Inc., a Massachusetts corporation incorporated at 131 Brighton Avenue, Brighton, MA 02135

(referred to herein as the "Predecessor Corporation"). The Predecessor Corporation operated a restaurant at its principal place of business until the sale of the restaurant to the successor corporation, Carlo's Cucina 02134, in or around March of 2019.

   a. During the period of time when the Predecessor Corporation operated the restaurant, including from the time Mr. Reyes was originally hired to work there, Mr. Barone hired, fired and supervised employees, and has engaged in setting the particular hours of work, the rates and method of compensation, and the policies regarding pay, and his actions concerning pay policies affect the amounts of compensation received by employees. As such, he actively managed, supervised, and directed the day-to-day business affairs and operations of Carlo's Cucina Italiana and the Predecessor Corporation.

   b. When the Predecessor Corporation operated Carlo's Cucina Italiana, Mr. Barone acted directly and indirectly in the interest of Carlo's Cucina Italiana in relation to its employees, and therefore was an employer of said employees within the meaning of the Fair Labor Standards Act and the Massachusetts Minimum Wage Act.

## FACTUAL ALLEGATIONS

13. Mr. Reyes worked at Carlo's Cucina Italiana starting on approximately July 25, 2017. He was employed by the Predecessor Corporation and Mr. Barone and, after the sale, for Carlo's Cucina 02134, the successor corporation, until approximately August 14, 2019.

14. Mr. Reyes worked as a dishwasher for Defendants for the entirety of his employment.

15. During Mr. Reyes' employment at Carlo's Cucina Italiana, both the Predecessor Corporation and Carlo's Cucina 02134 employed approximately eight workers, including Mr. Reyes.

16. Upon information and belief, during Mr. Reyes' employment, both the Predecessor Corporation and Carlo's Cucina 02134 maintained annual gross sales of at least $500,000.

17. Upon information and belief, in the course of their employment, at least two employees of both the Predecessor Corporation and Carlo's Cucina 02134, including Mr. Reyes, handled, sold, and worked on goods or materials produced for or moved in interstate commerce.

18. During Mr. Reyes' employment, Carlo's Cucina Italiana employed approximately eight workers, including Mr. Reyes.

19. When Mr. Reyes started working for Defendants on July 25, 2017, he was paid $10.50 per hour.

20. Throughout his employment at Carlo's Cucina 02134, Mr. Reyes typically worked from 1:00 PM to 12:00 AM, Monday through Saturday.

21. Throughout his employment with the Predecessor Corporation and Mr. Barone, Mr. Reyes typically worked from 1:00 PM to 12:00 AM, Monday through Sunday.

22. Throughout his employment, Defendants paid Mr. Reyes weekly in cash.

23. With each payment, Defendants gave Mr. Reyes only a slip of paper with the amount of each payment and Mr. Reyes' name written on it. The slips of paper did not have any other information on them.

24. Approximately two months after Mr. Reyes started working for Defendants, he received a raise to $10.75 per hour.

25. Approximately four months after Mr. Reyes started working for Defendants, he received a raise to $11.00 per hour. Defendants paid Mr. Reyes $11.00 per hour for the remaining duration of his employment.

26. In or around March of 2019, Mr. Barone sold Carlo's Cucina Italiana to Carlo's Cucina 02134.

27. Under Mr. Barone's ownership, Mr. Lopez was the restaurant's chef. Mr. Lopez continued as the restaurant's chef after the sale. In addition, starting after the sale and continuing to the

present, Mr. Lopez exerted significant daily operational control over important aspects of the business, including decisions related to hiring and firing personnel, scheduling, and employee compensation.

28. Defendants did not pay Mr. Reyes an overtime premium for the hours he worked in excess of 40 each week.

29. Throughout Mr. Reyes' employment by Defendants, Defendants actively concealed from Mr. Reyes his statutory right to the minimum wage and overtime pay by:

    a. Paying Mr. Reyes in methods that obscure how his weekly gross wages were calculated, including by paying him in cash and failing to provide a pay slip, check stub or envelope showing **all** of the following information: the name of the employer, the name of the employee, the day, month, year, number of hours worked, hourly rate, and the amounts of deductions or increases made for the pay period.

    b. Failing to conspicuously post any notice of the FLSA's overtime provisions, as required by 29 C.F.R. § 516.4.

    c. Failing to conspicuously post any notices of the Massachusetts wage and hour laws, as required by M.G.L. c. 151 § 16 and 454 CMR 27.07(1).

30. On January 16, 2020, Mr. Reyes requested, in writing, his personnel records, pursuant to Mass. Gen. Laws c. 151, § 15 and Mass. Gen. Laws c. 149, § 52C. Carlo's Cucina 02134 and Defendants Mr. Rodriguez and Mr. Lopez ignored Mr. Reyes' request.

## CLAIMS FOR RELIEF

COUNT ONE: UNPAID OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

31. Mr. Reyes incorporates by reference the allegations in ¶¶ 1-30 as if fully set forth herein.

32. Defendants violated 29 U.S.C. § 207(a) by failing to pay Mr. Reyes overtime compensation at one-and-a-half times his regular hourly rate for hours worked in excess of 40 hours per

week.

33. Defendants' violations of 29 U.S.C. § 207(a) were repeated, willful, and intentional.

34. Pursuant to 29 U.S.C. § 207(a) and § 216(b), Defendants are liable to Mr. Reyes for the full amount of his unpaid overtime compensation, in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorneys' fees incurred by Mr. Reyes in bringing this action.

## COUNT TWO: FAILURE TO PAY MINIMUM WAGE UNDER MASSACHUSETTS MINIMUM WAGE ACT

35. Mr. Reyes incorporates by reference the allegations in ¶¶ 1-30 as if fully set forth herein.

36. Pursuant to M.G.L. c. 151, § 1, employees in Massachusetts were required to be paid a minimum wage of $11.00 per hour during the year 2017 and $12.00 per hour during the year 2019.

37. From July 25, 2017, when Mr. Reyes was hired, until approximately four months later when he received a raise to $11.00 per hour, Defendants violated the Massachusetts Minimum Wage Act because they paid Mr. Reyes at an hourly rate lower than the applicable minimum wage.

38. From January 1, 2019, until Mr. Reyes stopped working for Defendants on August 14, 2019, Defendants violated the Massachusetts Minimum Wage Act by paying Mr. Reyes at an hourly rate lower than the applicable minimum wage.

39. Pursuant to M.G.L. c. 151, § 20, Defendants are liable to Mr. Reyes for the full amount of the minimum wages owed, in an amount to be determined at trial, plus mandatory treble damages, costs, interest, and attorneys' fees.

## COUNT THREE: UNPAID WAGES IN VIOLATION OF THE MASSACHUSETTS WAGE ACT

40. Mr. Reyes incorporates by reference the allegations in ¶¶ 1-30 as if fully set forth herein.

41. Under the FLSA, Mr. Reyes was entitled to overtime wages for any weekly hours worked on behalf of Defendants in excess of 40 hours per week.

42. Mr. Reyes regularly worked approximately 66 hours per week for Defendants when employed by them and "earned" overtime wages under the FLSA.

43. Pursuant to M.G.L. c. 151, § 1, employees in Massachusetts were required to be paid a minimum wage of $11.00 per hour during the year 2017 and $12.00 per hour during the year 2019.

44. Defendants paid Mr. Reyes a wage of $10.50 per hour and $10.75 per hour during 2017.

45. Defendants paid Mr. Reyes a wage of $11.00 per hour during 2019.

46. Mr. Reyes "earned" wages equal to at least the minimum wage when he worked for Defendants.

47. Pursuant to M.G.L. c. 149 §§ 148, 150, Defendants are liable to Mr. Reyes for the full amount of his unpaid overtime wages and the difference between what they paid Mr. Reyes and the minimum wage in Massachusetts, in an amount to be determined as trial, plus mandatory treble damages, costs, interest, and attorney's fees.

## PRAYER FOR RELIEF

The Plaintiff Pedro Hercules Reyes respectfully requests that judgment be entered against the Defendants as follows:

A. As to Count One, an order requiring Defendants to pay Mr. Reyes the compensation owed to him under federal law for unpaid overtime wages, doubled pursuant to 29 U.S.C. § 216;

B. As to Count Two, an order requiring Defendants to pay Mr. Reyes the compensation owed to him under Massachusetts law for minimum wages, trebled pursuant to M.G.L. c. 151, § 20;

C. In the alternative, as to Count Three, an order requiring Defendants to pay Mr. Reyes all compensation he was not timely paid in violation of M.G.L. c. 149 § 148, trebled pursuant M.G.L. c. 149 § 150;

D. Costs and reasonable attorney's fees; and

E. Any other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE

Respectfully Submitted,

PLAINTIFF,
PEDRO HECULES REYES

By his attorneys,

*/s/ Joseph Michalakes*
Joseph Michalakes, Esq.
Attorney
BBO #696740
Greater Boston Legal Services
197 Friend St
Boston, MA 02114
(617) 603-1540
jmichalakes@gbls.org

*/s/ Sebastian Derian*
Sebastian Derian
Fellow Attorney
Greater Boston Legal Services
197 Friend St
Boston, MA 02114
(617) 863-7538
sderian@gbls.org

Dated: December 7, 2020